UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

IN RE:                                      )
                                            )
    NELDA WILSON                            )    CASE NO. 17-10770(1)(13)
                                            )
                 Debtor(s)                  )

## MEMORANDUM OPINION

This matter is before the Court on the Motion for Relief from Stay and Abandonment of Property of the Estate filed by Creditor PBI Bank, Inc. ("PBI") regarding property located at 2200 Chalybeate School Road, Bowling Green, Kentucky ("the Property"). The Property consists of approximately 40 acres owned by Clark Lowain Wilson, the son of the Debtor herein, Nelda Wilson ("Debtor"), in which Debtor maintains a life estate. The Court considered PBI's Motion, the Debtor's Objection, the arguments of counsel at the hearing held on the matter and the post-hearing briefs submitted by the parties. For the following reasons, the Court will **GRANT** PBI's Motion. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

## FACTS

In 2008, Debtor transferred the Property to her son, Clark Wilson. The Debtor maintained a life estate in the Property, which included her residence.

On or about August 29, 2016, Clark Wilson filed a Voluntary Chapter 12 Petition, Case No. 16-10771 (Case 1). Case 1 was not confirmed and dismissed on January 17, 2017.

On March 9, 2017, Clark Wilson filed another Voluntary Chapter 12 Petition, Case No. 17-10241 (Case 2). On April 21, 2017, PBI obtained an Order granting it stay relief, *in rem*, as to the

40 acres pursuant to 11 U.S.C. § 362(d)(4) in Case 2. The Order granting stay relief was recorded by PBI in the records of the Edmonson County Clerk's Office on May 1, 2017. A Master Commissioner's foreclosure sale was scheduled for August 5, 2017.

On August 4, 2017, one day before the scheduled foreclosure sale, Debtor filed her Voluntary Petition seeking relief under Chapter 12 of the Bankruptcy Code. The Master Commissioner, being uncertain as to the effect of PBI's stay Order in Case 2 on the Debtor's life estate in the Property, canceled the foreclosure sale scheduled for August 5, 2017.

Case 2 was not confirmed and dismissed on September 27, 2017.

On August 31, 2017, PBI filed its Motion for Stay Relief in this case based on its Order granting it stay relief pursuant to 11 U.S.C. § 362(d)(4) in Case 2.

## **LEGAL ANALYSIS**

PBI contends the Order for stay relief it obtained in Clark Wilson's second case pursuant to 11 U.S.C. § 362(d)(4) relates to Debtor's life estate in the Property. Debtor does not dispute that the stay relief Order applied to Clark Wilson's interest in the Property and that PBI properly recorded the Order in the Edmonson County Clerk's Office, but disputes that the Order has any effect on Debtor's life estate in the Property. Debtor contends her Chapter 12 Plan proposes to pay PBI the value of the land, $189,000, a value assigned by the Court appointed appraiser, by making five annual payments of $43,000. PBI contends the Debtor's Plan is not feasible as required by 11 U.S.C. § 1325(a)(16) in that Debtor undervalued the Property. The Court need not consider the feasibility of the Plan or the Debtor's valuation of the Property to resolve PBI's Motion. Stay relief is appropriate for PBI against Debtor's interest in the Property under 11 U.S.C. § 362(d)(4).

Section 362(d)(4) of the Bankruptcy Code provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – –

. . . . .

(4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder or defraud creditors that involved either – –

> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>
> (B) multiple bankruptcy filings affecting such real property.

A creditor moving for relief under § 362(d)(4) bears the initial burden to establish a *prima facie* case as to the following elements: (1) the debtor engaged in a scheme, (2) to delay, hinder or defraud the creditor, and (3) which involved either the transfer of property without the creditor's consent or court approval or multiple filings. *In re Lee*, 467 B.R. 906, 920 (B.A.P. 6th Cir. 2012); *In re Poissant*, 405 B.R. 267, 273 (Bankr. N.D. Ohio 2009). In order for relief under § 362(d)(4) to be effective, an order granting stay relief must be recorded in compliance with applicable laws on governing notice of interests or liens in real property. 11 U.S.C. § 362(d)(4). Filing a bankruptcy petition as a means of stopping a state foreclosure on real property qualifies as a plan to hinder or delay a creditor's rights to property. *Matter of McKanders*, 42 B.R. 108, 109 (Bankr. N.D. Ga. 1984).

PBI met its burden of proof in Case 2 and the Court entered the Order granting it stay relief pursuant to 11 U.S.C. § 362(d)(4). That Order was not appealed and is final. It is also undisputed that PBI properly recorded the Order in the records of the Edmonson County Clerk's Office as required by 11 U.S.C. § 362(d)(4). The issue before the Court is whether the Order entered in Case

2 applies to Debtor's life estate in the Property. Based on prevailing authority, the Court concludes that the Order applies to Debtor's life estate interest.

Case law establishes that the effect of an order issued under § 362(d)(4) and properly recorded allows the creditor to request and receive specific prospective protection against not only the debtor, but also every non-debtor, co-owner and subsequent owner of the property. *In re First Yorkshire Holdings, Inc.*, 470 B.R. 864, 871 (B.A.P. 9th Cir. 2012). Congress used BAPCPA to strengthen § 362 by adopting a new exception to the automatic stay in § 362(b)(20). The purpose of the two year bar under § 362(d)(4) is to prevent parties from filing another bankruptcy case to reimpose the stay and frustrate secured creditor's enforcement rights. *See*, 11 U.S.C. § 362(b)(20) and *In re Alakozai*, 499 B.R. 698 (B.A.P. 9th Cir. 2013).

An order entered pursuant to 11 U.S.C. § 362(d)(4) is binding in any other case filed in the next two years purporting to affect the same real property. The order applies to the debtor whom the order was entered against and any other third party with an interest in the property seeking to obtain the benefit of the automatic stay in future bankruptcy cases for a period of two years. *In re Abdul Muhaimin*, 343 B.R. 159, 169 (Bankr. D. Md. 2006). Thus, the stay relief Order obtained by PBI in Clark Wilson's second case, applies in Debtor's case and affects her life estate interest in the Property for a period of two years from the date of that Order. The Order was properly recorded in the Edmonson County Clerk's records and the Master Commissioner is entitled to proceed with the foreclosure sale of the Property. The Court will enter PBI's requested Order in this case to clarify to the Master Commissioner that it may proceed with the foreclosure sale of the Property regardless of Debtor's life estate in the Property.

## **CONCLUSION**

For all of the above reasons, the Court will **GRANT** the Motion for Relief from the Stay and Abandonment of Property of the Estate of Creditor PBI, Inc. An Order accompanies this Memorandum-Opinion.

*Joan A. Floyd*
Joan A. Lloyd
United States Bankruptcy Judge
Dated: November 1, 2017

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

IN RE:

NELDA WILSON

CASE NO. 17-10770(1)(13)

Debtor(s)

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Stay Relief and Abandonment of Estate Property of Creditor PBI, Inc., be and hereby is, **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that:

(a) B.R. 4001(a)(3) is not applicable to PBI's Motion;

(b) PBI suffers from lack of adequate protection, and the stay is terminated as to the below described real properties: 40 acres located at 2200 Chalybeate School Road, Bowling Green, Kentucky;

(c) That whatever interest Debtor claims in said properties is abandoned from the estate; and,

(d) PBI may have immediate enforcement of its rights as against said Property in accordance with state law.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: November 1, 2017